Deaderick, J.,
delivered the opinion of the Court.
Complainant, widow of W. G-. Iiill, deceased,[1] filed her petition on the 6th of June, 1870, in the County Court of Weakley county, praying for dower out of the real estate of intestate. The heirs at law, some of whom were minors, were made parties.
At 'July Term, 1870, Thomasha Bowers applied to be made a defendant, and was by the court and without objection by defendant, allowed to be made a party defendant in the cause, and thereupon he filed his petition setting up title to the land out of which complainant was seeking to be endowed.
At the next September term of the Court, the cause was heard, and the court being of the opinion that the complainant was not entitled to dower, so declared and dismissed the bill, or petition; from which decree she appealed to this Court.
The decree dismissing the cause recites, that a bill of exceptions was signed and sealed and made a part of the record in this cause, whereas no bill of exceptions was signed by the court until the January term, 1871.
A bill of exceptions, signed after the expiration of the term at which the cause was heard, cannot be noticed upon appeal in this Court. Such has been the repeated adjudication of this Court. *274 So that we cannot consider bere so much, of the evidence below as was orally delivered,- although included in the bill of exceptions of January Term, 1871.
But the proceeding to procure the allotment of dower by bill or petition in either the County, Circuit, or Chancery Courts, is in the nature of an equity proceeding, and in such eases depositions and exhibits, or documentary evidence, actually read upon the hearing of the cause are parts of the record, and no bill of exceptions is necessary to bring them up to this Court: Code, 3121; 7 Hum., 438, 439. But such depositions or documentary evidence as were rejected on the hearing can only be made part of the record by bill of exceptions.
By these rules, we are confined in the consideration of this cause to the pleadings, orders of court, and the documentary evidence which was read upon the hearing without objection; and which taken together constitute the record in this cause as presented in this Court.
The defendant introduced and read a deed of trust executed by intestate to Lewis "Whitsell, trustee, 3d December, 1865, including the lands in the pleadings mentioned, to secure certain debts therein mentioned. Also, a conveyance made by O. "W. Hatchell, Begister in Bankruptcy, on the 25th February, 1869, to B. P. Cole, assignee, of all the property, real and personal, of said Hill, who had been declared a bankrupt upon his own *275 petition, by tbe District Court of tbe United States for tbe District of West Tennessee.
Tbe land in question was on tbe 8tb July, 1869, ordered by said United States District Court to be sold, and it was sold on 4tb October, 1869, to defendant Bowers, and one Mott, and a deed tberefor was executed to them for tbe same on tbe 4tb October, 1869, by R. P. Cole, Assignee.
Complainant insists that tbe court below erred in allowing defendant Bowers, to become a party defendant to tbis cause. Tbe Code authorizes tbe courts to permit any one having an interest in the property sought to be recovered in a pending suit, to become a party defendant therein.
And we are of opinion that it was proper to allow defendant Bowers to become a party, and that there was no error in so doing.
Tbe evidence properly before us does not establish any right to dower in tbe land in tbe pleadings mentioned in tbe complaint; but on tbe contrary, show that in tbe proceedings in bankruptcy, all tbe title which intestate had therein was vested in tbe assignee in bankruptcy, subject to tbe rights of creditors secured in tbe deed of trust, which tbe United States District Court bad jurisdiction to ascertain and liquidate.
By tbe fourteenth section of tbe Bankrupt Law, passed 2d March, 1867, it is provided that tbe Register in Bankruptcy shall assign and convey to tbe assignee all tbe real and personal estate of tbe bankrupt, including bis deeds, books and *276 papers. relating thereto; and such assignment shall relate back to the commencement of said proceedings in bankruptcy; -and thereupon, by operation of law, the title to all such property and estate, both real and personal, shall vest in said assignee.
We therefore hold that by the execution of the assignment or conveyance by the Register in Bankruptcy to the assignee, the title to the land of intestate was divested out of him, and vested in the said assignee; and, consequently, the intestate did not die seized and possessed of the same.
His widow, therefore, cannot take dower in said, lands.
The decree of the County Court will be affirmed.

 Hill, as the petition of Bowers states, died in September, 1869.